**LAW OFFICES OF DAVID CARLEBACH, ESQ.**
David Carlebach
55 Broadway
Suite 1902
New York, NY 10006
Tel: (212) 785-3041
Fax: (347) 472-0094
Email: david@carlebachlaw.com

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
In re:                                                                                       Chapter 11


       **199 EAST 7TH STREET LLC**                      Case No. 14-13254 - SCC


               **Debtor.**
------------------------------------------------------------x

**APPLICATION FOR AN ORDER AUTHORIZING THE SALE OF THE DEBTOR'S UNSOLD SHARES IN THE HOUSING COOPERATIVE CORPORATION KNOWN AS EAST 7TH STREET DEVELOPMENT CORP. TO THM FUNDING LLC SUBJECT TO HIGHER AND BETTER OFFERS, THE ASSUMPTION AND ASSIGNMENT OF PROPRIETARY LEASES APPURTENANT THERETO, AND APPROVING SALE PROCEDURES IN CONNECTION WITH THE AFORESAID SALE**

TO:   THE HONORABLE SHELLY C. CHAPMAN
        UNITED STATES BANKRUPTCY JUDGE

199 East 7th Street LLC, the debtor and debtor-in-possession herein (the "Debtor"), by its attorneys, the Law Offices of David Carlebach, Esq., hereby submits its application (the "Application") pursuant to §§ 105(a) and 363, 365 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004, 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order authorizing and approving: (i) the sale, pursuant to a purchase agreement (the "Purchase Agreement," a copy of which is annexed hereto as **Exhibit "A"**) of the Debtor's unsold shares in the housing cooperative corporation known as East 7th Street Development Corp. (specifically, the shares allocable to units 1A, 1D, 1C, 2E, and

4C (collectively, the "Unsold Shares")) to THM Funding LLC (the "Purchaser") for the purchase price of $1 million, subject to higher and better offers, (ii) the assumption and assignment of the proprietary leases appurtenant thereto (the "Proprietary Leases"), and (iii) approval of certain sale procedures (the "Sale Procedures") with respect to the aforesaid sale. The Debtor reserves the right to file additional documents and present such further information or evidence to the Court as may be appropriate in support of the relief requested in this Application. In further support of this Application, the Debtor, by and through its undersigned counsel, respectfully represents as follows:

## BACKGROUND

1.  On November 26, 2014 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of New York (the "Court").

2.  No trustee or examiner has been appointed herein, nor have any official committees been appointed in this case.

3.  The Debtor's primary assets are the Unsold Shares and proprietary leases appurtenant thereto in the housing cooperative corporation known as East 7th Street Development Corp (the "Cooperative Corporation"). Specifically, the Debtor owns Unsold Shares applicable to units 1A, 1D, 1C, 2E, and 4C in the building located at 199 East 7th Street, New York, New York 10009.

4.  Prior to the Petition Date, the Debtor and the Cooperative Corporation were in dispute over a variety of issues, including unpaid maintenance and assessments. The dispute led to litigation before the Supreme Court, New York County. In the litigation, Justice Joan A.

3

Madden ruled that the Debtor owed at least $102,940.55 in unpaid maintenance, late charges, and assessments with respect to the Unsold Shares as of February 1, 2012. The litigation was commenced in 2010. On or about October 8, 2014, on a motion for re-argument, Justice Madden ruled that the Cooperative Corporation could seek to terminate the Proprietary Leases based upon unpaid maintenance by sending a notice to cure and notice to terminate.[1]

5.      On or about November 18, 2014, based upon Justice Madden's decision, the Cooperative Corporation sent out ten (10) day notices to cure the unpaid maintenance arrears. In an effort to preserve the value of the Unsold Shares and avoid termination of the proprietary leases, the Debtor filed its chapter 11 case prior to the end of the ten (10)-day cure period.

6.      The Debtor has marketed the Unsold Shares and located a purchaser willing to pay a purchase price substantially in excess of the unpaid maintenance arrears. Based upon the purchase price set forth in the Purchase Agreement, all creditors will be paid 100% of their claims and there will be funds left over for the Debtor's equity. The Debtor seeks Court approval of the sale which will be subject to higher and better bids in order to maximize the recovery for the bankruptcy estate.

## RELIEF REQUESTED

7.      By this Application, the Debtor seeks authority to sell the Unsold Shares and assume and assign the Proprietary Leases appurtenant thereto. The Debtor also seeks approval of the Sale Procedures which are designed to provide for an orderly sale process and to maximize the bankruptcy estates' recovery.

8.      The purchase price under the Purchase Agreement is $1,000,000.00. This equates to an average of $200,000.00 per unit. While this may appear to be a modest amount to purchase apartments in Manhattan, the Purchaser is purchasing the units subject to the possessory rights of

---

[1] All of the units are occupied by rent-regulated tenants.

4

rent-regulated tenants. In fact, the monthly rent paid by the rent regulated tenants is barely sufficient to cover the maintenance for each apartment. The Debtor believes the purchase price is fair and reasonable, but it will be tested by exposure to the marketplace.

9. Under Bankruptcy Code § 363(f), a debtor may sell property free and clear of any interest in such property of an entity other than the estate only if, among other things: (a) applicable non-bankruptcy law permits sale of such property free and clear of such interest; (b) such entity consents; (c) the price at which such property is to be sold is greater than the aggregate value of all liens on such property; (d) such interest is in bona fide dispute; or (e) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

10. Since Bankruptcy Code § 363(f) is drafted in the disjunctive, satisfaction of any one of its five (5) requirements will suffice to permit the sale of the Property "free and clear" of Liens and Interests. *See In re Dundee Equity Corp.*, 1992 WL 53743, at *12 (Bankr. S.D.N.Y. Mar. 6, 1992) ("Section 363(f) is in the disjunctive, such that the sale free of the interest concerned may occur if any one of the conditions of § 363(f) have been met."); *Accord In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986); *In re Wolverine Radio Co.*, 930 F.2d 1132, 1147 fn.24 (6th Cir. 1991). Under the Purchase Agreement, the Purchaser will be paying $1 million for the Unsold Shares, well in excess of the $315,079.66 (the "Cure Amount") in arrearages that are due the Cooperative Corporation respecting those shares and the Proprietary Leases appurtenant thereto.

11. In this case, the Debtor believes there are no secured creditors. However, the Cooperative Corporation is owed substantial arrears on account of unpaid maintenance and assessments which must be promptly cured under the Bankruptcy Code as a condition to the sale

of the Unsold Shares. As this Court is no doubt aware, a cooperative form of ownership is a hybrid as the shares and leases are inseparable. As such, in order for the Debtor to sell the Unsold Shares, the Debtor must assume and assign the Proprietary Leases appurtenant thereto and cure all monetary defaults under the Proprietary Leases.

12. Accordingly, the Sale Procedures should be approved.

**ASSUMPTION AND ASSIGNMENT OF THE PROPRIETARY LEASES**

13. Section 365(a) of the Bankruptcy Code provides, in relevant part, that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease of the debtor". The business judgment test is the standard applied by courts to determine whether an executory contract or unexpired lease should be assumed. See, e.g., In re Old Carco LLC (f/k/a Chrysler LLC), 406 B.R. 180, 188 (Bankr. S.D.N.Y. 2009); *see also Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures)*, 4 F.3d 1095, 1099 (2d Cir. 1993*); Richmond Leasing Co v. Capital Bank, N.A.*, 762 F.2d 1303, 1311 (5th Cir.1985) ("More exacting scrutiny would slow the administration of the debtor's estate and increase its cost, interfere with the Bankruptcy Code's provision for private control of administration of the estate, and threaten the court's ability to control a case impartially[.]"). A court should approve assumption of a contract under section 365(a) of the Bankruptcy Code if it finds that a debtor has exercised its sound business judgment in determining that assumption of an agreement is in the best interests of its estate. *See, e.g., Old Carco*, 406 B.R. at 196-97; *In re Child World, Inc.*, 142 B.R. 87, 89-90 (Bankr. S.D.N.Y. 1992); *In re Ionosphere Clubs, Inc.*, 100 B.R. 670, 673 (Bankr. S.D.N.Y. 561989); *see also Sharon Steel Corp v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 40 (3d Cir. 1989). When assuming an executory contract, Section 365(b) of the Bankruptcy Code requires the debtor to cure any defaults under the contract or

6

provide adequate assurance that it will promptly cure such defaults. If there has been a default, the debtor must also provide adequate assurance of future performance under the contract. Assuming and assigning the Proprietary Leases to the Purchaser (or the Successful Bidder) is an appropriate exercise of the Debtor's business judgment. Since the Proprietary Leases are inseparable from the Unsold Shares, it is necessary to assume and assign the Proprietary Leases in order to transfer ownership of the Unsold Shares. In assuming and assigning the Proprietary Leases to the Purchaser (or the Successful Bidder) the Debtor's estate will benefit as there will be more than sufficient monies to pay all creditors in full.[2]

14.     In addition, the Purchaser has sufficient capital to provide adequate assurance of future performance under the Proprietary Leases. Additionally, the Debtor is requiring any Qualified Bidder similarly to demonstrate its ability to provide adequate assurance of future performance.

15.     The Debtor will provide the counter-party to the Proprietary Leases, the Cooperative Corporation, notice and an opportunity to object to the assumption and assignment and/or the Cure Amounts which will be fair and satisfies the notice requirements of Bankruptcy Rule 6006.[3]

## APPROVAL OF SALE PROCEDURES

16.     The proceeds of the sale of the Unsold Shares, will be used to (i) satisfy administrative expenses, priority expenses of the Debtor; (ii) unpaid maintenance, assessments, and the like with respect to the Unsold Shares; (iii) claims of unsecured creditors; and (iv) deliver the balance to equity security holders of the Debtor.

---

[2] The Debtor believes the cure amount is in the neighborhood of $250,000.00, without prejudice to it's right to object to the claim, and the purchase price is $1,000,000.00.

[3] Debtor's counsel has provided the Cooperative Corporation's counsel with advanced copies of this Application and counsel is well aware of the obligation to assert cure costs under the Proprietary Leases.

7

17. The sale is subject to this Court's approval and higher and better bids. The Debtor submits that it should further explore interest in the Unsold Shares and seeks an opportunity to proceed with an auction sale to determine if there exist and higher and better offers for the Unsold Shares.

18. The Debtor proposes the terms and conditions for the Sale Procedures as annexed hereto as **Exhibit "B"** be approved by the Court.

19. The Debtor has annexed a proposed order approving the Bidding Procedures hereto as **Exhibit "C".**

20. Annexed hereto as **Exhibit "D"** is a copy of the proposed Sale Order.

## NO PRIOR REQUEST

21. No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests that the Bankruptcy Court enter an order, substantially in the form annexed hereto, granting the relief requested in this Application and such other and further relief as may be just and proper.

Dated: New York, New York
March 18, 2015

**LAW OFFICE OF DAVID CARLEBACH**
*Attorneys for the Debtor*

By:  /s/David Carlebach (DC-7350)
55 Broadway, Suite 1902
Tel: (212) 785-3041
Fax: (646) 355-1916
Email: david@carlebachlaw.com

8