

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007-2601

ZACHARY W. CARTER
*Corporation Counsel*

Direct Line: (212) 356-2134
gcacuci@law.nyc.gov

September 30, 2016

VIA ECF

The Honorable Shelley C. Chapman
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

    Re:  In re 199 East 7th Street LLC, Ch. 7, Case No. 14-13254 (SCC)

Dear Judge Chapman:

        I represent the City of New York and Its Agencies in this case. I am filing this letter as counsel to the New York City Department of Finance ("DOF"), as requested by the Court at the hearing held yesterday on the Debtor's motion for a stay pending appeal, to clarify the real property transfer tax ("RPTT") rate applicable with respect to the Debtor's sale on or about October 29, 2015 of the unsold shares in co-op units 1A, 1C, 1D, 2E and 4C at 199 East 7th Street (the "Property").

        A tax rate of 1.425% on the amount of the consideration paid for the purchase applies only if a single residential cooperative apartment is being sold to a particular purchaser. If the same person or entity purchases multiple cooperative apartments, i.e., in bulk, then the commercial tax rate of 2.65% applies to the total consideration paid for the purchase. See Tax Law Section 120(b); New York City Administrative Code Title 11, Chapter 21. The summary of the applicable law as appears on the public website maintained by the New York City Department of Finance with respect to real property transfer tax ("RPTT"), is annexed hereto as **Exhibit A**.

According to the Sale Order filed on September 30, 2016 (ecf # 46), "Moses Strulovitch (or his Assignee)" was the Purchaser of all unsold shares in the five apartments referred to above. While the Declaration filed by David Carlebach, Esq. on September 29, 2016 (ecf # 103) and the attachments thereto identify other entities as purchasers, namely, 4C 199 East 7th, LLC and 845 Schenectady Avenue, LLC, without an explanation of their relationship to Moses Strulovich, these two entities are listed as a single and, apparently, joint purchaser of all unsold shares. Therefore, the applicable RPTT rate to this bulk purchase is 2.65% of the total consideration paid ($1,650,000.00) or $43,725.00, not $43,312.50, as listed in the RPTT return attached as Exhibit A to the Carlebach Declaration (the "Return", ecf # 103-1). Since (as shown below) the tax return was not filed within thirty (30) days of the October 29, 2015 closing and the tax was not paid, interest and penalties must be calculated and added to the amount due when the return is filed. See Exhibit A hereto.

The DOF website provides a form of RPTT tax return (see **Exhibit B** hereto), but states as follows:

"Use this application only if filing a Property Transfer Tax Return for Staten Island. All other boroughs must file via ACRIS at nyc.gov/finance".

The Return is in the Staten Island form, which is not acceptable in Manhattan, where the Property is located. Moreover, since a RPTT return in Manhattan (and any other borough except for Staten Island) must be electronically filed on ACRIS, the computerized ACRIS system does not accept a return to be filed unless it is fully completed. An unsigned and undated return with blanks would not have been accepted for filing in ACRIS. Therefore, it appears that the Return was never filed with the City Register. When a RPTT is properly filed with the City Register, it contains a first page that reflects the recording information for the document and bears the City Register's Official Signature. That recording page is missing from the Return annexed by Mr. Carlebach. Also missing are (i) copies of the applicable deeds, contracts or proprietary leases; and (ii) the form RP-5217NYC (the Real Property Transfer Report), required to accompany the tax return.

It should also be noted that the Return checked the box "Other" under Conditions of Transfer, and noted "xfer [Transfer] Pursuant to Bankruptcy Order". The same notation appears on the Combined Real Estate Transfer Tax Return, Credit Line Mortgage Certificate, and Certification of Exemption from Payment of Estimated Personal Income Tax, also annexed to the Declaration. Normally, that box is checked only when a stamp tax exemption is granted under Section 1146(a) of the Bankruptcy Code, which is not the case here. A purchase at a bankruptcy auction is an arms length transfer (as sale orders generally recite) and there was an "arms length transfer" box that could have been checked.

      In sum, based on the available records and consultation with DOF, it appears that the Return was not filed on ACRIS and that the RPTT tax was not paid in connection with the transfer of the unsold shares on or about October 29, 2015.

Respectfully yours,

Gabriela P. Cacuci
Assistant Corporation Counsel

Enclosures

cc:    Brian Matsumoto, Esq. (w/enc. By email)
       David Carlebach, Esq. (w/enc. By email)
       Andrew Velez-Rivera, Esq. (w/enc. By email)
       Neil Berger, Esq. (w/enc. By email).