# HASS & GOTTLIEB
ATTORNEYS AT LAW
670 WHITE PLAINS ROAD
SUITE 121
SCARSDALE, NEW YORK 10583
TELEPHONE: (914) 725-2600   FACSIMILE: (914) 725-7724

LAWRENCE M. GOTTLIEB                                                                        ANDREW FRIEDMAN
JEFFREY K. HASS                                                                             OF COUNSEL

July 6, 2017

**VIA E-MAIL and ECF**
HONORABLE SHELLEY E. CHAPMAN
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

        Re: In re: 199 East 7th Street, LLC (the "Debtor");
           Al Togut as trustee (the "Trustee");
           Chapter 7 Case No:14-13254 (SCC)

Dear Judge Chapman:

  As you know, we are counsel to James Guarino, personally, with respect to the above-referenced case and to that end, write in conformity with your Chambers' rules and for purposes of requesting a conference with the Court in an effort to resolve issues that have arisen in the administration of the case and its impact on Mr. Guarino.

  More specifically, since the February 6, 2017 status conference with the Court, our client has made every effort to resolve open issues with the Trustee, including but not limited to Mr. Guarino's standing offer to make payment of fees of the United States Trustee and outstanding transfer taxes (the "Transfer Taxes"), this before, during and after willingly submitting to and testifying at a seven hour continued Rule 341(a) examination on April 25, 2017 which followed the initial three hour examination first held on October 19, 2016 (collectively, the "341 Testimony"). It is submitted that the 341 Testimony revealed that Mr. Guarino was a victim of the actions or inaction of his counsel and at worst, unwittingly negligent in the administration of the Chapter 11 estate. We can say with utmost certainty, however, that no fraud was perpetrated upon the Trustee, creditors, the Court or the Office of the United States Trustee.

  Notwithstanding the foregoing, the Trustee has elected, either explicitly or implicitly, to punish Mr. Guarino for the acts of former counsel to the Debtor, David Carlebach, Esq., whose acts both pre- and post-conversion, are well known to this Court.

  Witness, by way of the most stark example, Mr. Guarino's repeated entreaties to the Trustee and his accountant to cooperate in the preparation of revised Transfer Tax returns arising from the sale of the interest in five cooperative units, the Debtor's sole assets (which returns must

HONORABLE SHELLEY E. CHAPMAN
UNITED STATES BANKRUPTCY JUDGE
July 6, 2017
Page 2

be executed by the Trustee), and which have been met with marked recalcitrance; this despite repeated offers by Mr. Guarino to not only pay the Transfer Taxes out of his own pocket, but also to satisfy rapidly accruing interest. Indeed, Mr. Guarino has also willingly acceded to the Trustee's demand for indemnification from any penalties that may have accrued. Yet despite the clear need to satisfy this obligation and Mr. Guarino's complete assumption of liability and offer of indemnification, the Trustee has shown little, if any, willingness to cooperate.

Our best efforts to the contrary, we have been unable to resolve the foregoing open issue with the Trustee as well as the accountant for the estate, who both have now presented what can only be deemed singularly outrageous invoices for payment by Mr. Guarino, personally. These invoices, which will, necessarily, be addressed at the conference to be held, can only be deemed punitive in nature; seemingly retribution for the acts of the Debtor's counsel, the warrant for whose arrest is still, upon information and belief, outstanding.

By this correspondence, therefore, we hereby request that a conference be scheduled among Mr. Guarino, the undersigned, the Trustee and his counsel and the Office of the United States Trustee to see if consensual resolution can be reached with respect each of the foregoing issues and ultimately, the winding up of the estate.

We will make ourselves available at any date and time convenient to the Court.

Respectfully submitted:

LAWRENCE M. GOTTLIEB

cc: Albert Togut, Esq. (via electronic mail)
    Neil Berger, Esq. (via electronic mail)
    Andrew D. Velez-Rivera (via ECF)